UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CARL DWAYNE CRAWFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00518-JMS-MJD |
| | ) | |
| J. E. KRUEGER, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241,
Denying Motion to Transfer Case to Different Venue, and
Directing Entry Of Final Judgment**

Carl Dwayne Crawford seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1]. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

## I.    Background

On July 10, 2003, Mr. Crawford was charged in the Eastern District of Pennsylvania in a Third Superseding Indictment with conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (count 1); aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(d) (count 2); using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count 5); and possession with intent to distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 841 (count 7). *United States v. Faulkner et al.*, No. 2:03-cr-00105-FLW-2 (E.D. Pa.) (hereinafter "Crim. Dkt."), Dkt. 70. Prior to trial, the United States filed a notice of sentence enhancement, pursuant to 21 U.S.C. § 851(a), stating its intention to seek

---

[1] At the time Mr. Crawford filed his § 2241 petition, he was incarcerated in the U.S. Penitentiary in Terre Haute, Indiana.

an enhanced sentence under 21 U.S.C. § 841(b) based on Mr. Crawford's prior conviction in 1993 for knowingly possessing a controlled substance and manufacture, delivery or possession with intent to manufacture or deliver a controlled substance in the Philadelphia Court of Common Pleas, Case No. CP#9308-3874. Crim. Dkt. 94. After a multi-day jury trial, Mr. Crawford was convicted of counts 5 and 7. Crim. Dkt. 150.[2]

In preparation for sentencing, the United States Probation Office prepared a presentence report (PSR). Dkt. 15. The PSR calculated a base offense level of 32, based on the quantity of drugs – 68.1 grams of cocaine base– under U.S.S.G. § 2D1.1(c)(4). *Id.* at 7. The base offense level was increased by two levels because Mr. Crawford possessed a firearm, yielding a total adjusted offense level of 34. *Id.* The PSR calculated a total of 9 criminal history points, which yielded a Criminal History Category IV. *Id.* at 12. This resulted in a sentencing range of 210 to 262 months' imprisonment. *Id.* at 15. However, because of Mr. Crawford's prior felony drug conviction, a statutory mandatory minimum term of 240 months' imprisonment was required as to count 7, pursuant to 21 U.S.C. § 841(b)(1)(A), so the guideline sentencing range was 240 to 262 months' imprisonment. *Id.*

On November 2, 2004, Mr. Crawford was sentenced to imprisonment of 63 months on count 5 and imprisonment of 240 months on count 7. Crim. Dkt. 234. Judgment was entered on November 5, 2004. Crim. Dkt. 238. Mr. Crawford appealed his conviction and sentence. The Third Circuit affirmed his conviction but vacated his sentence and remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Crawford*, No. 04-4249 (3rd Cir. 2004); Crim. Dkt. 261.

---

[2] Mr. Crawford was found not guilty of counts 1-3 in a separate jury trial. Crim. Dkt. 126.

On May 19, 2006, Mr. Crawford was resentenced to the same terms of imprisonment: 63 months on count 5 and 240 months on count 7. Crim. Dkt. 270. Mr. Crawford appealed his sentence, which was affirmed by the Third Circuit. *See United States v. Crawford*, 274 Fed. App'x 151 (3d Cir. 2008).

On June 5, 2006, Mr. Crawford filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Crim. Dkt. 275. Mr. Crawford later withdrew his petition. Crim. Dkt. 291.

On January 20, 2009, Mr. Crawford filed another § 2255 motion arguing that there was prosecutorial misconduct, jury selection was improper, and that he received inadequate assistance of counsel. Crim. Dkt. 295. His motion was denied. Crim. Dkts. 310, 311.

Mr. Crawford's petition to the Third Circuit for authorization to file a second or successive § 2255 motion was denied on four occasions in May 2014, May 2015, August 2015, and April 2017. Crim. Dkts. 353, 365, 370, 393.

Mr. Crawford now challenges his conviction and sentence in this Court pursuant to 28 U.S.C. § 2241.

## II. Section 2241 Standard

To proceed under § 2241 after having filed a motion pursuant to 28 U.S.C. § 2255, the § 2255 motion must have been "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant."

3

*Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (*en banc*) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman – Low*, 503 Fed. Appx. 763, 765 (11th Cir. 2013) (citation omitted).

### III. Discussion

Mr. Crawford argues that his prior Pennsylvania felony drug conviction should not have been used to impose an enhanced sentence pursuant to 21 U.S.C. 841 given the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See* dkt. 1. Section 841(b)(1)(A) requires, when enhancing a sentence for prior convictions, that the prior conviction be for a "felony drug offense." The term "felony drug offense" in 21 U.S.C. 841(b)(1) is defined exclusively by § 802(44), *Burgess v. United States*, 553 U.S. 124, 130 (2008), and is defined as a prior state or federal offense (1) punishable by more than one year in prison, and (2) that "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The Seventh Circuit has explained that a court uses the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), to analyze whether prior drug convictions qualify as a "felony drug

4

offense" under § 802(44). *See United States v. Elder*, 900 F.3d 491 (7th Cir. 2018). Mr. Crawford asserts that *Mathis* applies to his sentence enhancements under 21 U.S.C. § 841 because his prior drug convictions in Pennsylvania court was based on a statute that is broader than those governing federal drug felony offenses. Dkt. 1 at 2.[3] In response, the respondent argues that Mr. Crawford is not entitled to relief because he cannot satisfy the third savings clause requirement and show miscarriage of justice. Dkt. 14.[4]

Each of the three requirements to invoke the savings clause of § 2255(e) is discussed below.

A. **Statutory-Interpretation Case**

The Government does not dispute that Mr. Crawford meets the first savings clause requirement. Dkt. No. 14 at 6. This is because Mr. Crawford challenges his sentence under

---

[3] In his supplemented petition, Mr. Crawford also argues that the prosecution failed to prove that he pleaded guilty in his 1993 Pennsylvania conviction, and therefore that prior drug conviction should not have been used to impose an enhanced sentence. Dkt. 16.

Mr. Crawford has raised this claim on prior occasions, including in his appeal. *Crawford*, 274 Fed. Appx. at 151 n.1 ("In convicting Crawford of violating § 922(g)(1), the *jury* found beyond a reasonable doubt that he committed the 1993 felony upon which the District Court relied in sentencing Crawford."). Mr. Crawford lost those challenges and has not shown a good reason to reexamine the Third Circuit's holding in the limited context . *See Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) ("the law of the case doctrine dictates that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it.") (internal citations and quotations omitted).

[4] The respondent's return to the order to show cause focuses almost entirely on the Seventh Circuit's holding in *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017). In *Redden*, the Seventh Circuit held that a prior conviction for delivery of a controlled substance in violation of 720 ILCS 570/401 could be classified as a "controlled substance offense" for the purposes of United States Sentencing Guidelines § 4B1.1 to treat an individual as a "career offender." *Id.* at 374-75.

But, *Redden* is inapposite. First, Mr. Crawford was not sentenced as a career offender, but was instead subjected to an enhanced sentence under 21 U.S.C. § 841. Second, the relevant definition, in *Redden*, of a "controlled substance offense" for the purposes of § 4B1.1 (career offender) is not synonymous with the definition of a "felony drug offense" under 21 U.S.C. § 841.

5

*Mathis*, which is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation"); *United States v. Bess*, 655 Fed. Appx. 518 (8th Cir. 2016) (recognizing that *Mathis* inquiry was "whether the statutory alternatives were means or elements"). The Court finds that Mr. Crawford meets the first savings clause requirement.

### B. Retroactivity

Next, the Government does not strongly dispute that Mr. Crawford meets the second savings clause requirement. Dkt. 14 at 6 ("At best, while Crawford may meet the first two *Davenport* factors to show a structural problem, but he cannot show the third."). The Seventh Circuit has stated that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (internal citations omitted). Thus, the second savings clause requirement is not a barrier to further review.

### C. Miscarriage of Justice

The parties disagree regarding the third savings clause requirement, whether there has been a miscarriage of justice. The Seventh Circuit has used a variety of formulations to describe the type of error that may meet this demanding standard, including a "fundamental error equivalent to actual innocence," *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002)); an error which reaches the "fundamental legality of [a prisoner's] sentence[]," *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998); or an error which results in a sentence "based upon the equivalent of a nonexistent offense," *Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011). The Court concludes that Mr. Crawford's challenge hinges on whether his sentence under the Sentencing Guidelines is a miscarriage of justice.

Several Seventh Circuit cases help define the contours of the "miscarriage of justice" standard as applied to Mr. Crawford's case. First, in the context of an initial habeas petition under § 2255, the court held that a petitioner who had been improperly designated a career offender under the then-mandatory Sentencing Guidelines could obtain relief because, as a result of his improper designation, his sentence extended "beyond that authorized by the sentencing scheme" and thus undermined the "fundamental legality of his sentence." *Narvaez*, 674 F.3d at 630. In *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013), the Seventh Circuit extended *Narvaez* to § 2241 petitions, again based upon the mandatory nature of the Guidelines before *United States v. Booker*, 543 U.S. 220 (2005).

In *Hawkins v. United States*, 706 F.3d 820, *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), however, the Seventh Circuit distinguished cases where the petitioner had been sentenced under the mandatory Guidelines, as in *Narvaez* and *Brown v. Caraway*, from cases where the petitioner is sentenced under the "merely advisory" post-*Booker* Guideline regime:

> Postconviction review is therefore proper when for example the judge imposes a sentence that he had no authority to impose, as in *Navarez*, since the consequence for the defendant in such a case is 'actual prejudice'—an 'injurious effect' on the judgment. But it does not follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.

724 F.3d at 917. Because of this, the Seventh Circuit held that "a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission" could not "be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it." 706 F.3d at 824-25. To the contrary, "[a]n error in the interpretation of a merely advisory guideline … is not a proper basis for voiding [on postconviction review] a punishment lawful when imposed." *Id.* at 824.

7

Furthermore, the Seventh Circuit has rejected collateral attacks on sentences under the advisory Guideline regime where the sentencing judge recognized that the Guidelines were advisory and "determin[ed] that the sentence was appropriate." *United States v. Coleman*, 763 F.3d 706, 709 (7th Cir. 2014). An error in the advisory Guideline calculation remains insufficient for habeas relief even where the petition can show that the application of the enhancement likely resulted in a greater sentence than the petitioner would have received without the enhancement. *Id.* at 708-10. "[E]ven errors that are not harmless may not be cognizable" in a postconviction proceeding, and "the likelihood of a different sentence in light of the sentencing error is not an adequate basis" for demonstrating a miscarriage of justice. *Id.* at 710.

Although Mr. Crawford was sentenced in 2004, before the Supreme Court's 2005 ruling in *Booker* which rendered the Sentencing Guidelines advisory, the Third Circuit vacated and remanded his case for re-sentencing in accordance with *Booker*. He was thereafter sentenced under the advisory Guideline regime where the sentencing judge recognized that the Guidelines were advisory. Mr. Crawford's sentence of 240 months was well below the statutory maximum of life imprisonment. Additionally, his sentence fell within the guideline ranges of 210 to 262 months' imprisonment (if his sentence was not enhanced under § 841) and of 240 to 262 months' imprisonment (with the § 841 enhancement). *Id.* Under binding Seventh Circuit precedent, the fact that Mr. Crawford may have received a shorter sentence without the statutory enhancement under 18 U.S.C. § 841 is insufficient to show a miscarriage of justice. As a result, Mr. Crawford cannot demonstrate a miscarriage of justice supporting relief under his § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

### IV. Motion to Transfer Case to Different Venue

Mr. Crawford's "motion to transfer case to different venue," dkt. [24], is **denied**. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Because this case has been briefed and ripe for resolution since August 2018, and the Court had substantially prepared a ruling prior to Mr. Crawford's motion, the Court finds that, in the interest of justice and judicial economy, change in venue is not warranted.

### V. Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)").

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/16/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CARL DWAYNE CRAWFORD
57110-066
PETERSBURG - MEDIUM FCI
PETERSBURG MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804

Electronically Registered Counsel